RECEIVED JUN 04 2019
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHAN FREMONT GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, et al.,<br><br>Defendants. | CV 18–80–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations on March 27, 2019, recommending that the Court: (1) dismiss Plaintiff Nathan Fremont Green's complaint for failure to state a claim; (2) direct the Clerk of Court to enter judgment for the Defendants; (3) have the docket reflect that any appeal would not be taken in good faith; and (4) have the docket reflect that this dismissal constitutes as a strike pursuant to 28 U.S.C. § 1915(g). (Doc. 9.) Green failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017)

-1-

(citation omitted).

Having reviewed the Findings and Recommendations (Doc. 9), the Court finds no clear error in Judge Johnston's recommendation that the Court dismiss Green's complaint for failure to state a claim. First, Green cannot bring a § 1983 claim against his cellmate for his cellmate's behavior as a private actor. (Doc. 9 at 6.) Second, Judge Johnston reasonably concluded that Green does not have a constitutional right to a prison disciplinary process of his choosing and that Green has not alleged conditions arising to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). And third, there is no clear error in Judge Johnston's finding that Green has not alleged a cognizable claim for retaliation. (Doc. 9 at 10–14.)

Finally, the Court does not find clear error in Judge Johnston's determination that amendment would be futile and that this dismissal should count as a strike under 28 U.S.C. § 1915(g) because Green failed to state a claim upon which relief may be granted. Similarly, the Court agrees that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 9) is ADOPTED IN FULL;

(2) Plaintiff Nathan Fremont's Complaint is DISMISSED for failure to state

a claim;

(3) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure;

(4) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith; and

(5) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C.§ 1915(g) because Green failed to state a claim upon which relief may be granted.

DATED this 4th day of June, 2019.

Dana L. Christensen, Chief Judge
United States District Court